UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
OCALA DIVISION

Sam Shuler,

        Petitioner,

vs.                               Case No. 5:10-cv-447-Oc-36SPC

Warden, FCC Coleman-Low,

        Respondent.
_____

**OPINION AND ORDER**

Petitioner Sam Shuler, a federal prisoner, incarcerated at Federal Correctional Complex located in Coleman, Florida, filed a *pro se* Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241 (Doc. #1, Petition). Petitioner submitted a Memorandum of Law in Support of the Petition (Doc. #5, Memorandum).

The Petition attacks the validity of Shuler's 1993 "sentence" entered by the United States District Court, Southern District of Alabama in case number 1:92-cr-224 for conspiracy to possess with intent to distribute cocaine in violation of 21 U.S.C. §§ 841 and 846. Petition at 2. Petitioner was sentenced to a 360 month term of imprisonment.[1] The Petition seeks relief on three grounds:

> (1) Shuler is actually innocent of his 30 year enhanced 21 U.S.C. § 841(b)(1)(A), 10 years to life statutory and career offender sentence;

---

[1] Petitioner acknowledges that his sentence and conviction were affirmed on direct appeal by the Eleventh Circuit. Petition at 2.

(2) Shuler is actually innocent of his enhanced 100 to 1, crack cocaine sentence, where although the indictment charged cocaine and crack, the jury charge and verdict was for cocaine only; and,

(3) The Fair Sentencing Act of 2010 is a substantive change of law, which impliedly repealed the 100 to 1 ration and is retroactive, where the sill signed into law does not itself deny retroactive application.[2]

Petition at 3-4. In support, Petitioner assets that the Supreme Court's decision in United States v. O'Brien, 560 U.S. ___, 130 S.Ct. 2169 (2010),[3] presents a new rule of substantive law that should be applied retroactively to his case and can be read to require that the drug type and quantities are elements of the offense that must be charged in the indictment and/or found by the jury. Memorandum at 2. In light of O'Brien, Petitioner contends that he is "actually innocent" of his sentence. Id. at 2-3. Petitioner acknowledges that he unsuccessfully pursued relief under 28 U.S.C. § 2255. Petition at 2, ¶4.

---

[2] Respondent argues that Petitioner's claim predicated upon the Fair Sentencing Act are foreclosed by United States v. Gomes, 621 F.3d 1343 (11th Cir, 2010) and United States v. Bradley, 409 F. App'x 208 (11th Cir. 2011). Response at 7. Petitioner expressly "abandoned" ground three in his Reply. Reply at 1.

[3] In O'Brien, the only statute at issue was 18 U.S.C. § 924(c), which relates to the criminal offense of using or carrying firearms during and in relation to a crime of violence or a drug trafficking crime. The Court held that the "machine gun provision" of that statute, which mandates a 30-year minimum sentence for the use of a machine gun in relation to the commission of the relevant crimes, constitutes an element of an offense, not a sentencing factor. O'Brien, 130 S.Ct. at 2180.

Respondent filed a Response to the Petition (Doc. #9, Response), and seeks dismissal of the Petition on the grounds that the Court lacks jurisdiction to consider the Petition. Response at 1. More specifically, Respondent points out that Petitioner unsuccessfully pursued relief under 28 U.S.C. § 2255. Id. at 1-2. Petitioner filed a Reply to the Response (Doc. #10, Reply). For the reasons more fully set forth herein, the Court finds the Petition should be dismissed.

Title 28 U.S.C. § 2241 provides a means for a prisoner to challenge the execution of his sentence. Here, relying upon Gilbert v. United States, 609 F.3d 1159 (11th Cir. 2010), Petitioner argues that § 2241 is available to challenge the validity of his sentence entered by the Southern District of Alabama.¹ Thus, the Court must first determine whether Petitioner is entitled to obtain relief via a § 2241 petition.

---

¹The Gilbert case relied upon by Petitioner was vacated by 625 F.3d 716 (11th Cir. 2010). Thereafter, the Eleventh Circuit issued an *en banc* decision addressing the issue of whether the savings clause permitted a federal prisoner to challenge his sentence in a § 2241 petition when the § 2255(h) bar against successive § 2255 motions prevented him from raising that sentencing claim. Gilbert v. United States, 640 F.3d 1293, 1295 (11th Cir. 2011)(en banc) ("Gilbert II"), cert. denied, ___ U.S. ___, 132 S.Ct. 1001, 181 L.Ed.2d 743 (2012). There, the Eleventh Circuit held that the savings clause "does not authorize a federal prisoner to bring in a § 2241 petition a claim, which would otherwise be barred by § 2255(h), that the sentencing guidelines were misapplied in a way that resulted in a longer sentence not exceeding the statutory maximum." Id. at 1323. However, the Court specifically declined to address whether the savings clause would authorize a federal prisoner to bring a § 2241 petition if his sentence exceeded the statutory maximum. Id.

"Typically collateral attacks on the validity of a federal sentence must be brought under § 2255." Darby v. Hawk-Sawyer, 405 F.3d 942, 944-45 (11th Cir. 2005)(*per curiam*). When a petitioner has previously filed a § 2255 petition, he must apply for and receive permission from the appropriate federal circuit court prior to filing a successive petition. Id. (citing In re Blackshire, 98 F.3d 1293, 1293 (11th Cir. 1996); see also 28 U.S.C. § 2244(b)(3)(A). Additionally, § 2255 motions must be brought in district court of conviction and are subject to a one-year statute of limitations. Sawyer v. Holder, 326 F.3d 1363, 1365 (11th Cir. 2003); 28 U.S.C. § 2255(f).

Here, it is clear that Petitioner is pursuing relief pursuant to § 2241 because filing for relief under § 2255 would be procedurally barred without prior authorization from the Eleventh Circuit. See 28 U.S.C. § 2255. However, Petitioner is not entitled to relief under § 2241 because his collateral attack on the validity of his total sentence is the type of claim that cannot be raised in a § 2241 proceeding because it could have been raised in a § 2255 proceeding. Deglace v. Warden, FCC Coleman-Low, 484 F.App'x 307, 309 (11th Cir. 2010).

Indeed, according to Eleventh Circuit precedent, the circumstances under which a federal prisoner may invoke relief pursuant to § 2241 are limited to specific instances set forth in the "savings clause" of § 2255. Wofford v. Scott, 177 F.3d 1236,

1245 (11th Cir. 1999). A prisoner may not use the savings clause simply to circumvent the one-year limitation bar, the prohibition against filing a second or successive § 2255 motion or a procedural bar. Id. at 1244. Rather,

> [t]he savings clause only applies to "open a portal" to a § 2241 proceeding when (1) the "claim is based upon a retroactively applicable Supreme Court decision; (2) the holding of that Supreme Court decision establishes the petitioner was convicted for a non-existent offense; and (3) circuit law squarely foreclosed such a claim at the time it otherwise should have been raised.

Darby v. Hawk-Sawyer, 405 F.3d 942, 945 (11th Cir. 2005)(quoting Wofford, 177 F.3d at 1244). A petitioner must meet each element of this test. Dean v. MacFadden, 133 F.App'x 640, 642 (11th Cir. 2005).

Petitioner does not satisfy the Wofford requirements. At the outset, Petitioner was not convicted under the statute at issue in O'Brien. Nonetheless, the Court need not determine whether the narrow holding of O'Brien applies in this matter, because Petitioner has not demonstrated that O'Brien applies retroactively to cases on collateral review. "[A] new rule is not made retroactive to cases on collateral review unless the Supreme Court holds it to be retroactive." Tyler v. Cain, 533 U.S. 656, 663 (2001)(internal quotation marks omitted); In re Joshua, 224 F.3d 1281, 1283 (11th Cir. 2000)("For a new rule to be retroactive, the Supreme Court must make it retroactive to cases on collateral review."). The Supreme Court's opinion in O'Brien does not

indicate that it was made retroactive to cases on collateral review. O'Brien does not use the word "retroactive," let alone discuss application to cases of collateral review. Indeed, this Court notes that the Eleventh Circuit has recently affirmed a district court's finding that O'Brien does not apply retroactively. See McCray v. Warden, FCC Coleman-Low, 491 F.App'x 95, 97 (11th Cir. 2010)(holding that "[t]he district court did not abuse its discretion in declining to retroactively apply O'Brien's reasoning" in a § 2241 petition).

Additionally, even if Petitioner can show that O'Brien is retroactive to "open the portal" to a § 2241 proceeding, the petitioner must still demonstrate "actual innocence." Wofford, 177 F.3d at 1244, n. 3 (citing Bousely v. United States, 523 U.S. 614, 623 (1998)("It is important to note in this regard that 'actual innocence' means factual innocence, not mere legal insufficiency.")). Petitioner cannot demonstrate that he is innocent of the offenses for which he stands convicted and incarcerated. Instead, he argues only that the jury's findings were insufficient to support the imposition of an enhanced sentence. See McKay v. United States, 657 F. 3d 1190, 1197-99 (11th Cir. 2011); Edwards v. Warden, FCC Coleman-Medium, 432 F. App'x 897, 899 (11th Cir. 2011)("There is no precedent in this circuit for applying the savings clause to sentence claims.").

Based upon the foregoing, the Court finds that the instant action is a successive petition and this Court is without jurisdiction to consider the merits of the Amended Petition. Consequently, the Amended Petition is dismissed.

ACCORDINGLY, it is hereby

**ORDERED and ADJUDGED:**

1. The Petition for Writ of Habeas Corpus (Doc. #1) is **DISMISSED**.

2. The **Clerk of Court** shall enter judgment accordingly, terminate any pending motions and deadlines, and close this case.

**DONE AND ORDERED** in Orlando, Florida, on this ___15___ day of April, 2013.

G. KENDALL SHARP
SENIOR UNITED STATES DISTRICT JUDGE

SA: hmk
Copies: All Parties of Record